UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHRISTOPHER J. HRANEK,

        Plaintiff,

v.                                       Case No. 3:21-cv-00913-BJD-PDB

CITY OF JACKSONVILLE, et al.,

        Defendants.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, Christopher J. Hranek, an inmate of the Florida penal system, initiated this action pro se by filing a complaint for the violation of civil rights (Doc. 1; Compl.) and a motion to proceed in forma pauperis (Doc. 2). Plaintiff seeks to sue the following Defendants for incidents that occurred at the Duval County Jail in 2017:[1] the City of Jacksonville; Sheriff Mike Williams; and the Department of Corrections, Division of Health Services. See Compl. at 2-3. Plaintiff alleges unnamed jail employees were deliberately indifferent to his serious medical needs and safety by denying him medication for deep vein

---

[1] Plaintiff is no longer at the Duval County Jail. He was sentenced in 2018 and is in the custody of the Florida Department of Corrections (FDOC). See Compl. at 4. He is housed at Holmes Correctional Institution. Id. at 2. See also FDOC website, offender search, available at http://www.dc.state.fl.us/OffenderSearch/Search.aspx (last visited Sep. 29, 2021).

thrombosis and for subjecting him to unpleasant living conditions. Id. at 5, 6. Plaintiff acknowledges he eventually received his medication, but he received it "infrequently" and was not monitored, causing him to black out on November 30, 2017. Id. at 5. He was transported by ambulance to Shands hospital, where he stayed for nearly two weeks. Id. at 7.

Plaintiff alleges Defendants engaged in a "pattern or practice" of making pretrial detainees' living conditions so unbearable to coerce them into "plead[ing] out or giv[ing] in." Id. at 6. As examples, he says detainees were prevented from "reaching medical assistance or being able to file a grievance," and were forced to wake early and wait hours for court appearances; the detention facility and holding cells were "freezing cold"; many cells had no working water; detainees had "no opportunity for outside fresh air or recreation"; the detention facility was overcrowded; and there was no ADA-compliant transport between the detention facility and the courthouse. Id. Plaintiff also alleges he was denied his First Amendment right to grieve the denial of medical care. Id. at 7.

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines the action is frivolous, malicious, or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1). With respect to whether a complaint "fails to state

a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. Id. (quoting Twombly, 550 U.S. at 555). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quoting In re Plywood Antitrust Litig., 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)). In reviewing a complaint, a court must accept the plaintiff's allegations as true, liberally construing those by a plaintiff proceeding pro se, but need not accept as true legal conclusions. See Iqbal, 556 U.S. at 678.

Plaintiff's complaint is subject to dismissal under the PLRA because he fails to "state a claim to relief that is plausible on its face." See id. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that "a person" acting

3

under the color of state law deprived him of a right secured under the United States Constitution or federal law. See 42 U.S.C. § 1983. Plaintiff alleges Defendants' conduct violated his rights under the First, Eighth, Ninth, and Fourteenth Amendments. It appears the basis of Plaintiff's First Amendment claim is his alleged inability to file grievances at the jail about his medical needs. See Compl. at 6, 7. Plaintiff does not allege he was retaliated against for filing grievances about his medical care, and an inability to file a grievance does not give rise to a constitutional claim because an "inmate has no constitutionally-protected liberty interest in access to [a grievance] procedure." Bingham v. Thomas, 654 F.3d 1171, 1177 (11th Cir. 2011) (affirming the district court's sua sponte dismissal of a claim that the prison grievance procedure was inadequate). As such, Plaintiff's First Amendment claim is due to be dismissed.

Additionally, the Ninth Amendment has no apparent relevance here.[2] See, e.g., Cottrell v. Caldwell, 85 F.3d 1480, 1490 (11th Cir. 1996) ("Claims involving the mistreatment of arrestees or pretrial detainees in custody are governed by the Fourteenth Amendment's Due Process Clause . . . ."); see also

---

[2] The Ninth Amendment provides, "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. Const. amend. IX.

4

Ayton v. Owens, No. CV 313-006, 2013 WL 4077995, at *5 n.5 (S.D. Ga. Aug. 12, 2013) ("[T]he Ninth Amendment is not an independent source of constitutional rights and thus cannot provide the basis for a § 1983 claim."). Thus, the Ninth Amendment claim is subject to dismissal as well.

Plaintiff's primary claim appears to be that jail officials were deliberately indifferent to his serious medical needs, which implicates the Fourteenth Amendment. However, such a claim is analyzed under Eighth Amendment principles. See Swain v. Junior, 961 F.3d 1276, 1285 (11th Cir. 2020) ("The Eighth Amendment—and therefore the Fourteenth also—is violated when a jailer 'is deliberately indifferent to a substantial risk of serious harm to an inmate who suffers injury.'").

Plaintiff fails to state a plausible deliberate indifference claim because he names as Defendants a supervisory official (the Sheriff), a municipality (the City), and an entity not considered a "person" under § 1983 (the FDOC). Generally, under § 1983, a claim against a supervisor, such as a sheriff, or a municipality, such as a city, must be premised on something more than a theory of respondeat superior or vicarious liability. Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003), abrogated in part on other grounds by Randall v. Scott, 610 F.3d 701 (11th Cir. 2010); Monell v. N.Y. City Dep't of Soc. Servs., 436 U.S. 658, 691, 694 (1978). See also Brown v. Crawford, 906 F.2d 667, 671

(11th Cir. 1990) ("It is axiomatic, in [§] 1983 actions, that liability must be based on something more than a theory of respondeat superior.").

A claim against a supervisor arises only "when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation." Mathews v. Crosby, 480 F.3d 1265, 1270 (11th Cir. 2007).

> The necessary causal connection can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so." Alternatively, the causal connection may be established when a supervisor's "custom or policy ... result[s] in deliberate indifference to constitutional rights" or when facts support "an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so."

Cottone, 326 F.3d at 1360 (internal citations omitted). Similarly, to proceed against a municipality, a plaintiff must allege the existence of a "custom or policy that constituted deliberate indifference to [a] constitutional right" and that caused a constitutional violation. Moody v. City of Delray Bch., 609 F. App'x 966, 967 (11th Cir. 2015) (quoting McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004)).

6

Plaintiff does not allege facts sufficient to invoke supervisory or municipality liability under § 1983. For instance, he does not allege Sheriff Williams participated in constitutional violations or authorized conduct that resulted in constitutional violations. See Compl. at 5-6. He also does not allege Sheriff Williams or the City adopted a policy, practice, or custom that resulted in deliberate indifference to constitutional rights or were aware of but ignored a history of widespread violations at the detention center.

Plaintiff's conclusory statement that detainees were prevented from "reaching medical assistance or being able to file a grievance," see Compl. at 6, amounts to no "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," which does not satisfy the federal pleading standard. Iqbal, 556 U.S. at 678. Plaintiff alleges no facts suggesting the Sheriff or the City were deliberately indifferent to an alleged pattern or practice of preventing inmates from receiving constitutionally adequate medical care at the jail. Rather, he mentions only his own experience in support of his claim, which is insufficient to allege "widespread abuse." See Grider v. Cook, 590 F. App'x 876, 882 (11th Cir. 2014) (holding the plaintiff failed to plead a plausible claim against municipal defendants because his "allegations involved only . . . himself and not a widespread practice or custom").

7

To the extent Plaintiff intended to name Sheriff Williams in his official capacity or proceed against the Duval County Jail, his claim would fail. In Florida, a sheriff's office or jail facility is not a legal entity subject to suit under § 1983. See Faulkner v. Monroe Cnty. Sheriff's Dep't, 523 F. App'x 696, 701 (11th Cir. 2013) (affirming dismissal of a civil rights action against the Monroe County Sheriff's Office). See also Monroe v. Charlotte Cnty. Jail, No. 2:15-cv-729-FtM-99MRM, 2015 WL 7777521, at *2 (M.D. Fla. Dec. 3, 2015) ("A correctional facility or [a] jail is not a proper defendant in a case brought under 42 U.S.C. § 1983." (citing Chapter 30, Florida Statutes)).

Finally, Plaintiff may not proceed against the FDOC. Any failure by the FDOC to provide adequate healthcare to Plaintiff while in prison is unrelated to a claim that he received inadequate healthcare while in the custody of the Duval County Jail. Moreover, the FDOC is considered an "arm[] of the state," not a "person" under § 1983. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 64, 70 (1989) (holding states, including state agencies and arms of the state, are "not persons within the meaning of § 1983."). See also Gardner v. Riska, 444 F. App'x 353, 355 (11th Cir. 2011) (holding the Department of Corrections, a state agency, was not a person under § 1983).

Not only is Plaintiff's complaint substantively deficient, but it is procedurally deficient as well because he improperly joins multiple, unrelated

claims. A plaintiff may set forth only related claims in one civil rights complaint. He may not join unrelated claims and various defendants unless the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences" and if "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). As recognized by the Eleventh Circuit, "a claim arises out of the same transaction or occurrence if there is a logical relationship between the claims." Constr. Aggregates, Ltd. v. Forest Commodities Corp., 147 F. 3d 1334, 1337 n.6 (11th Cir. 1998) (internal quotations omitted). Plaintiff improperly seeks to pursue multiple claims that have no logical relationship to one another: constitutionally inadequate medical care, ADA violations, and unconstitutional conditions of confinement.

For the above reasons, Plaintiff's complaint is subject to dismissal without prejudice under the PLRA. To the extent Plaintiff believes he is not receiving adequate healthcare while in the custody of the FDOC, he may file a civil rights complaint against a person or persons allegedly responsible.

Accordingly, it is

**ORDERED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without

9


prejudice, terminate any pending motions, and close the file.

3. The **Clerk** shall send Plaintiff a civil rights complaint form. If Plaintiff chooses to file a new complaint, he should not put this case number on the form because the Clerk will assign a new case number upon receipt.

**DONE AND ORDERED** at Jacksonville, Florida, this 1st day of October 2021.

                                      BRIAN J. DAVIS
                                United States District Judge

Jax-6
c:
Christopher J. Hranek